UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANJAY SOOKUL, on behalf of himself and all
others similarly situated,

                              Plaintiffs,

                -against-

BROTHER'S BOND DISTILLING COMPANY,
LLC,

                              Defendant.

23-CV-9273 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Complaint in this action was filed on October 20, 2023. On January 29, 2024, the

Court ordered Plaintiffs to show good cause in writing why service of the summons and

Complaint was not made within the 90 days prescribed by Rule 4(m) of the Federal Rules of

Civil Procedure – or, if Plaintiffs believed service had been made, to demonstrate when and in

what manner service *was* made within the 90 days. *See* ECF No. 8. The Court notified Plaintiffs

that if they did not show good cause, the Court would dismiss the Complaint. *Id.*

On February 9, 2024, counsel for Plaintiffs filed a response to the Court's order stating

that his office sent the summons and complaint to a process serving company on November 30,

2023 and that since then, the process serving company had made three attempts at service at

three different addresses. *See* ECF No. 9. Appended to the letter are three affidavits of service,

which demonstrate that service was attempted on December 8, 2023, January 30, 2024, and

February 9, 2024. *See* ECF Nos. 9-1, 9-2, and 9-3. According to counsel's letter, the "third-party

process serving company was in control of locating the correct address to be served," and

because of this "the failure to serve thus far was not the fault of Plaintiff's." ECF No. 9. The

letter then explains that counsel's office "has taken control of effectuating service herein, and

have located what we deem to be the correct address" and requests an extension of time to serve Defendant. *Id.*

Federal Rule of Civil Procedure 4(m) instructs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (internal citation omitted). "To establish good cause a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Clarke v. Sec. King Int'l LLC,* No. 22-CV-5082 (JPC), 2022 WL 5107195, at *1 (S.D.N.Y. Oct. 4, 2022) (internal quotation marks omitted); *see also AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay."). "A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG*, 197 F.R.D. at 108.

Plaintiffs have failed to show good cause. Far from demonstrating exceptional circumstances that prevented Plaintiffs from effectuating service, Plaintiffs' February 9, 2024 letter attempts to absolve Plaintiffs of any blame for the delay of service, and instead lays fault on the service processer. Even if the process server identified a mistaken address for Defendant, it was Plaintiffs' responsibility to monitor diligently the process server and ensure that service was effectuated within 90 days. Plaintiffs offer no legitimate explanation, much less good cause,

for their failure to serve Defendants. *See Ortiz v. 5 Star Valet LLC*, No. 1:22-CV-6871-GHW, 2022 WL 17418368, at *1 (S.D.N.Y. Dec. 2, 2022) (dismissing case where plaintiff failed to timely serve defendants and did not identity exceptional circumstances establishing good cause).

Accordingly, the Complaint is DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close the case.

Dated: February 13, 2024
New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge